**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**AMY M. GRACI,**

                     **Plaintiff,**                  **05-CV-0231A(Sr)**

**v.**

**INDEPENDENT HEALTH**
**ASSOCIATION, INC.,**

                     **Defendant.**

---

### REPORT, RECOMMENDATION AND ORDER[1]

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #5.

Currently before the Court is plaintiff's motion for leave to amend her complaint. Dkt. ## 9&13. For the following reasons, it is recommended that plaintiff's motion be denied.

Setting forth the facts which are relevant to the instant motion, plaintiff's proposed amended complaint alleges that she commenced employment with the defendant in 1998 and went out of work on New York State short-term disability

---

[1] Since the Court of Appeals for the Second Circuit has yet to determine whether a motion to amend is a dispositive or nondispositive motion, this Court will avoid uncertainty over the scope of its jurisdiction by addressing the motion to amend by way of Report, Recommendation and Order rather than Decision and Order. *Cf. Palmer v. Monroe County Sheriff,* 378 F. Supp.2d 284, 288 (W.D.N.Y. 2005) (collecting cases and concluding that a motion to amend is a non-dispositive pre-trial motion).

suffering from "supraventricular, tachycardia, anxiety state, panic attacks and tremors" on or about April 19, 2002.  Dkt. #13-2, ¶ ¶ 5, 8.  The defendant granted plaintiff FMLA leave as of May 1, 2002, but subsequently notified plaintiff that because the disability claim upon which her FMLA leave was based had been denied, she must return to work as of June 10, 2002 or be terminated.  Dkt. #13, ¶ 9.  She was also advised that if she was successful in appealing the denial of the disability claim, defendant would "reinstate [her] status under the provisions of the Family Medical Leave Act for a period of 12 weeks from the original April 29, 2002 date, which [was] the first date of [her] absence," and that defendant would "reinstate [her] position with Independent Health and [would] restore [her] Family Medical Leave that was granted on April 29, 2002 based on [her] claim for disability benefits." Dkt. #16-3; Dkt. #16-4.  Plaintiff won her appeal on September 16, 2002 and returned to work on October 10, 2002.  Dkt. #13-2, ¶¶ 13-14.  On October 11, 2002, plaintiff asked to leave work early so that she could rush to the hospital bed of her dying father, who was not expected to survive much longer.  Dkt. #13-2, ¶ 16.  She was told that she would be terminated if she left and was, in fact, terminated on October 11, 2002.  Dkt. #13-2, ¶ ¶ 18, 23.

Plaintiff asserts that she is seeking to amend her complaint to clarify the causes of action.  Dkt. ## 9&13.  Defendant opposes the proposed amended complaint on the ground that plaintiff is seeking to assert a new cause of action, violation of the Family Medical Leave Act ("FMLA"), which is futile because it is time barred and because plaintiff failed to work the requisite number of hours to be eligible for FMLA

2

leave. Dkt. #16. Plaintiff responds that although she did not include a separate cause of action pursuant to the FMLA, she included all of the facts which support this claim in her original complaint. Dkt. #17, ¶ 11. Plaintiff alleges that she was eligible for FMLA leave upon her return to work because defendant's correspondence indicated that her FMLA time would be reinstated upon her return to work. Dkt. #17, ¶ 6. Plaintiff also asserts that her FMLA cause of action is subject to a three year statute of limitations because the allegations support a finding that the violation of the FMLA was willful. Dkt. #17, ¶ 16.

Fed. R. Civ. P. 15(a) provides that a party may amend a pleading by leave of court or by written consent of the adverse party. Leave to amend is to be "freely granted" unless the party seeking leave has acted in bad faith, there has been an undue delay in seeking leave, there will be unfair prejudice to the opposing party if leave is granted, or the proposed amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); Fed. R. Civ. P.15(a). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). "Absent a showing that significant additional discovery burdens will be incurred or that the trial of the matter will be significantly delayed, amendment should be permitted." *W.R. Grace & Co. v. Zotos Int'l, Inc.*, 2000 WL 1843282 (W.D.N.Y. 2000). The decision to grant or deny a motion for leave to amend a pleading is within the discretion of the district court. *Foman,* 371 U.S. at 182.

As an initial matter, the Court agrees with the defendant that plaintiff's motion to amend does more than "clarify the causes of action." The original complaint is brought pursuant to the Americans with Disabilities Act and does not claim violation of the FMLA. Dkt. #1.

The statute of limitations for a claim pursuant to the FMLA is two years after the date of the last violation of the statute unless the violation is willful, in which case the statute of limitations is three years. 29 U.S.C. § 2617(c)(1) & (2). Although the term willful is not specifically defined within the FMLA, the Court of Appeals for the Second Circuit has adopted the definition set forth by the United States Supreme Court in *McLaughlin v. Richland Shoe Co.*,[2] a case commenced pursuant to the Fair Labor Standards Act, for use in FMLA cases. *Porter v. New York Univ. Sch. of Law*, 392 F.3d 530, 532 (2d Cir. 2004). This standard provides that an employer acts willfully for purposes of the FMLA when the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin*, 486 U.S. at 133; *see Porter,* 392 F.3d at 531. Thus,

> If an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful . . . . If an employer acts unreasonably, but not recklessly, in determining its legal obligation, then . . . it should not be . . . considered [willful].

*Porter*, 392 F.3d at 531-32, *quoting McLaughlin*, 486 U.S. at 135, n.13.

---

[2] 486 U.S. 128 (1988).

Where a plaintiff has adequately alleged facts in support of an FMLA claim, a general averment as to willfulness is sufficient to meet the pleading requirements of Fed. R. Civ. P. 9(b)[3] and invoke the three year statute of limitations. *See Gold v. Carus*, 2003 WL 22134913, at *1 (E.D.N.Y. July 26, 2003); *Settle v. S.W. Rodgers, Co., Inc.*, 998 F. Supp. 657, 663-64 (E.D. Va. 1998), *aff'd* 182 F.3d 909 (4th Cir. 1999); *Wanamaker v. Columbian Rope Co.*, 713 F.Supp. 533, 539-540 (N.D.N.Y. 1989); *Pfister v. Allied Corp.* 539 F. Supp. 224, 228 (S.D.N.Y. 1982). In the instant case, however, plaintiff's proposed amended complaint does not allege that defendant's violation of the FMLA was willful. Plaintiff alleges that the defendant "wrongfully discharged her" in violation of the FMLA and that defendant "denied, interfered with, and restrained [plaintiff's] exercise of FMLA." Dkt. #13-2, ¶¶ 2, 44.

Moreover, the proposed amended complaint does not allege any facts to suggest that the defendant's alleged violation of the FMLA was willful. Plaintiff alleges that her FMLA time should have been reinstated upon her return to work on October 11, 2002. Dkt. #13-2, ¶¶ 39, 42. However, the correspondence upon which plaintiff relies for this position state that if plaintiff was successful in appealing the denial of the disability claim upon which her request for FMLA leave was based, defendant would "reinstate [her] status under the provisions of the Family Medical Leave Act for a period

---

[3] Fed. R. Civ. P. 9(b) provides that

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

of 12 weeks from the original April 29, 2002 date, which [was] the first date of [her] absence," and that defendant would "reinstate [her] position with Independent Health and [would] restore [her] Family Medical Leave that was granted on April 29, 2002 based on [her] claim for disability benefits." Dkt. #16-3; Dkt. #16-4; Dkt. #17-1, ¶¶ 5-6, 8.  Even if this correspondence leaves room for plaintiff to argue that she was under the impression that her FMLA time would be reinstated upon her return to work on October 10, 2002, it is not so clear as to suggest that defendant "knew or showed reckless disregard" as to the availability of FMLA leave for plaintiff, who had been out of work on FMLA leave for approximately 24 weeks immediately prior to the request for leave on October 11, 2002.  *McLaughlin*, 486 U.S. at 133; *see Porter,* 392 F.3d at 531.  Accordingly, the two-year statute of limitations applies.  *See Ungerleider v. Fleet Mortgage Group of Fleet Bank*, 329 F. Supp.2d 343, 363 (D. Conn. 2004) (applying two-year statute of limitations where plaintiff "failed to aver, allege, or submit evidence of a willful violation.").

Since plaintiff's original complaint was filed on April 4, 2005, more than two years after her termination on October 11, 2002, the FMLA claim alleged in the proposed amended complaint was time barred prior to the commencement of this action.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the motion to amend the complaint be denied as futile.  Dkt. ##9, 13.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made

7

and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED:   Buffalo, New York
         September 16, 2005

                                   **S/ H. Kenneth Schroeder, Jr.**
                                   **H. KENNETH SCHROEDER, JR.**
                                   **United States Magistrate Judge**